CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 19 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

EARL BOXLEY, )
)
Plaintiff, ) Case No. 7:09CV00079
)
v. )
) **MEMORANDUM OPINION**
COLD SPRING CORRECTIONAL )
CENTER #10, ET AL., ) By: Glen E. Conrad
) United States District Judge
Defendants. )

Plaintiff Earl Boxley, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Boxley alleges that officials at Cold Springs Correctional Center #10 violated his constitutional rights by having him transferred to a higher level security facility for a minor disciplinary charge. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

## Background

Boxley's submissions indicate the following sequence of events on which his complaint is based. He was housed at Cold Springs, a Level 1 (or low) security facility, in December 2008, when officials charged him with using vulgar and insolent language toward a prison employee while working with a road crew. It was Boxley's first disciplinary charge. He pleaded guilty and accepted a penalty offer of fifteen days in isolation and review of his custody status.[2] Shortly thereafter, authorities transferred Boxley from Cold Springs to Augusta Correctional Center, a more secure facility for inmates with security classifications of 3 or 4. His life has been threatened at Augusta,

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] According to Boxley, he was told that if he accepted the penalty offer, he would be out of isolation in time for Christmas.

and he has "had to take a charge just to be kept safe" in the segregation unit. Officers at Augusta have told Boxley that he should never have been sent to such a high security facility. Boxley sues Cold Springs and Warden Meeks for $50,000.

## Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As a preliminary matter, plaintiff cannot maintain his action against Cold Springs, since state prisons are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). All claims against Cold Springs must be dismissed accordingly.

Second, Boxley fails to allege facts on which he could prove that Warden Meeks had any personal involvement in the decision to transfer Boxley to Augusta. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir.1982). An official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials. Id. Boxley fails to allege that whoever made the decision to transfer him was following policies or practices for which Meeks was responsible, and Meeks cannot be held liable for the actions of his subordinate officers without some such showing of personal involvement. Boxley names no other defendants to this action.

The court need not allow Boxley to amend his complaint, however, as it is clear from his submissions that he cannot allege facts stating any constitutional claim concerning his transfer to Augusta. Inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted and in Virginia, have no constitutional right to a hearing before being transferred to a prison with less favorable conditions or a higher security level. Olim v. Wakinekona,
-2-

461 U.S. 238, 245 (1983) (finding no liberty interest in avoiding interstate prison transfer); Meachum v. Fano, 427 U.S. 215, 223-224 (1976) (finding that inmates had no liberty interest in avoiding transfer from medium to maximum security prison or in being transferred only after proven, serious misconduct); Bartholomew v. Clawson, 594 F. Supp. 1121, 1126 (E.D. Va. 1984). Inmates also have no constitutionally protected liberty interest requiring a hearing before they are transferred to an administrative segregation status. Id. Under these principles, officials were not required to give Boxley a hearing before transferring him to a higher security prison or before assigning him to administrative segregation.

## Conclusion

As the court finds that plaintiff could not allege facts consistent with his current allegations so as to state any claim cognizable under § 1983, the court will dismiss this action, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of March, 2009.

United States District Judge